UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ADNAN KHAWAJA, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § CIVIL ACTION NO. H-11-3603 |
| | § |
| ROBERT S. MUELLER, III, et al., | § |
| | § |
| Defendants. | § |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Doc. No. 24). After considering the Motion, all responses thereto, and the applicable law, the Court finds that Defendants' Motion should be denied.

### I.  BACKGROUND[1]

Plaintiff brings this action seeking review of Defendants'[2] wrongful denial of his naturalization application. (Compl. ¶ 1.) Plaintiff is a native and citizen of Pakistan (*Id.* ¶ 2) who applied to become a U.S. citizen under 8 U.S.C. § 1427(a)(1) by filing Form N-400 with the USCIS in 2009. (*Id.* ¶ 8.) On September 23, 2010, Plaintiff appeared for an interview with United States Citizenship and Immigration Services ("USCIS"), and passed the proficiency portion of the examination. (*Id.* ¶ 9.) However, Defendants issued a denial of Plaintiff's application (Doc. No. 23-3), stating that he failed to demonstrate good moral character. (Compl. ¶ 9.) Plaintiff filed an appeal, which USCIS also denied (Doc. No. 23-4). (Compl. ¶¶ 10, 11.)

---

[1] The following facts are drawn from Plaintiff's First Amended Petition ("Complaint") (Doc. No. 23) and are accepted as true for purposes of the Motion to Dismiss.
[2] Defendants are Janet Napolitano, Secretary of the Department of Homeland Security, and Ricky Hamilton, District Director of U.S. Citizenship and Immigration Services ("USCIS"). Other Defendants were dismissed by this Court in its previous Memorandum and Order (Doc. No. 22).

Plaintiff brings claims for de novo review of his naturalization application, under 8 U.S.C. § 1421(c). (*Id.* ¶¶ 22–26.) Plaintiff also requests attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). (*Id.* ¶¶ 27–32.)

## II. LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 556 U.S. at 678 (citation omitted). The court should not "'strain to find inferences

favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)). A district court can consider the contents of the pleadings, including attachments thereto, as well as documents attached to the motion, if they are referenced in the plaintiff's complaint and are central to the claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). Importantly, the court should not evaluate the merits of the allegation, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). "Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citation omitted); *Duke Energy Intern., L.L.C. v. Napoli*, 748 F. Supp. 2d 656 (S.D. Tex. 2010). The Court should generally "afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

Federal Rule of Civil Procedure 10(c) provides that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Such exhibits can include "documentary evidence, specifically, contracts, notes, and other writing[s] on which [a party's] action or defense is based." *Rose v. Bartle*, 871 F.2d 331, 339 n.3 (3d Cir. 1989) (brackets in original) (citations and quotations omitted). However, courts are split on whether an affidavit attached to a complaint may properly be considered in deciding a motion to dismiss. The Third Circuit has declined to consider an affidavit attached to a complaint in deciding a motion to

dismiss because considering such affidavits would "blur the distinction between summary judgment and dismissal for failure to state a claim upon which relief can be granted." *Id*. In contrast, the Seventh Circuit has held that, for the purposes for deciding a motion to dismiss, "the affidavits and exhibits attached to the complaint are a part thereof for all purposes." *Schnell v. City of Chicago*, 407 F.2d 1084, 1085 (7th Cir. 1969), *overruled on other grounds by City of Kenosha v. Bruno*, 412 U.S. 507 (1973). Courts in the Fifth Circuit have considered affidavits to be part of the complaint when deciding motions to dismiss, but the Fifth Circuit has yet not ruled on the issue in a published opinion. *See Malik v. Cont'l Airlines Inc.*, 305 Fed. App'x 165, 170 n.2 (5th Cir. 2008) ("Malik attached her affidavit to her complaint and incorporated it by reference in paragraph 6. We properly consider the affidavit in ruling on Continental's motion to dismiss for failure to state a claim."); *United States v. $40960.00 in U.S. Currency*, 831 F. Supp. 2d 968, 970 (N.D. Tex. 2011) ("Because the affidavit was attached to the complaint, the statements in that affidavit must be considered by the Court in determining the sufficiency of the allegations to survive a dismissal motion because they are considered part of the complaint."). This Court need not decide the propriety of considering affidavits submitted with a complaint, because here, Plaintiff's affidavit, while providing a slightly fuller account, does not contain entirely new facts not plead in the Amended Complaint. *See Song v. City of Elyria, Ohio*, 985 F.2d 840, 842 (6th Cir. 1993) (affirming lower court's opinion, which considered plaintiffs' affidavits in deciding the motion to dismiss, because the affidavits "did nothing more than verify the complaint").

### III. ANALYSIS

Under 8 U.S.C. § 1421(c), the district court reviews USCIS's decision to deny a naturalization application *de novo*. *See also Aparicio v. Blakeway*, 302 F.3d 437, 445 (5th Cir.

2002). An applicant for naturalization must satisfy certain statutory and regulatory requirements. *See, e.g.*, 8 U.S.C. §§ 1101, 1427, 1429, 1430; 8 C.F.R. §§ 310, 312, 316. Under one such requirement, an applicant must demonstrate that he "has been and still is a person of good moral character" during the requisite time period, generally five years before the filing date of the application. 8 U.S.C. § 1427(a). If an applicant's conduct during the statutory period does not reflect "reform of character" from an earlier period, or if the earlier conduct appears "relevant to a determination of the applicant's current character," USCIS may consider conduct that occurred outside the five-year period. 8 C.F.R. § 316.10(a)(2); *see also* 8 U.S.C. § 1427(e) ("In determining whether the applicant has sustained the burden of establishing good moral character . . . , the Attorney General shall not be limited to the applicant's conduct during the five years preceding the filing of the application, but may take into consideration as a basis for such determination the applicant's conduct and acts at any time prior to that period.").

An applicant's good moral character is evaluated on a case-by-case basis, accounting for "the standards of the average citizen in the community of residence." 8 C.F.R. § 316.10(a)(2). Certain statutory bars preclude a finding of good moral character. *See* 8 U.S.C. § 1101(f). Defendants assert that Plaintiff's Complaint must be dismissed because he is statutorily barred from establishing good moral character due to his (1) false testimony to the interviewing officer, under 8 U.S.C. § 1101(f)(6), and (2) other false statements on his application, considered to be "unlawful acts that adversely reflect upon the applicant's moral character" under 8 C.F.R. § 316.10(b)(3)(iii).

### 1. False Testimony

Defendants assert that Plaintiff gave false testimony in his interview about his tax delinquencies. An applicant may not establish good moral character if he has "given false

testimony for the purpose of obtaining any benefits under this chapter." 8 U.S.C. § 1101(f)(6). "[E]ven the most immaterial of lies with the subjective intent of obtaining immigration or naturalization benefits" will prevent a finding of good moral character. *Kungys v. United States*, 485 U.S. 759, 779–80 (1988). Accordingly, this provision bars only those misrepresentations made with the subjective intent to deceive; "[i]t is only dishonesty accompanied by this precise intent that Congress found morally unacceptable." *Id.* at 780.

Defendant points out that, although Plaintiff represented that he did not own any businesses or owe any delinquent taxes on these businesses, he owned or was associated with nine businesses and several of those entities owed taxes. (Decision, Doc. No. 23-3, at 6.) However, Plaintiff's Complaint asserts that any misrepresentations were not made with subjective intent to deceive. These misrepresentations "stemmed from Plaintiff's misunderstanding the process or the question, or simply forgetfulness." (Compl. ¶ 15.) Many of the businesses were "Doing Business As" ("DBA") registrations that Plaintiff had filed in past years but never pursued. (Compl. ¶ 20.) Plaintiff had forgotten about many of the DBAs, and thus they were in "open collections" or placed in "forfeiture." (*Id.*; *see also* Khawaja Aff., Doc. No. 23-5, ¶ 19.) Plaintiff also erroneously believed that he only had to disclose businesses that were operating in the past five years. (Khawaja Aff. ¶ 19; Compl. ¶ 22.) This stemmed from prior counsel's repeated assertion that nothing outside the five-year window was relevant. (Resp. at 7; Decision at 6 ("You and your attorney were focused strictly on the five (5) year statutory period preceding the filing of your application."); Khawaja Aff. ¶ 21 ("My attorney was focused [on the five year period], and I just followed his advice. I had NO idea that this was wrong.").)

Defendants raise questions about why Plaintiff did not admit the delinquencies when asked about each business, under oath, in the interview.  However, Plaintiff admitted ownership of some of the businesses, stated that some of them were DBAs and that "the business never materialized," and remained focused on the five year period for others.  (Decision at 4–5.) Defendants argue that "[a]ny doubts [about good moral character] must be resolved in favor of the government." (Mot. at 17 (citing *Berenyi v. District Director, Immigration and Naturalization Service*, 385 U.S. 630, 637 (1967); *Kungys v. U.S.*, 485 U.S. 759, 780 (1988). However, even if true, at the motion to dismiss phase, this Court must inquire only as to whether Plaintiff has stated a claim that is "'plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  The Court finds that Plaintiff has asserted sufficient facts that, if true, show that he did not make these representations with the subjective intent to deceive, and must deny Defendants' motion with respect to the false testimony.

### 2.  Other False Statements in Plaintiff's Application

In the alternative, Defendants argue that Plaintiff cannot establish good moral character because he provided a false statement in his application.  "Unless the applicant establishes extenuating circumstances, the applicant shall be found to lack good moral character if, during the statutory period, the applicant . . . [c]ommitted unlawful acts that adversely reflect upon the applicant's moral character."  8 C.F.R. § 316.10(b)(3)(iii).[3]  Defendants assert that Plaintiff's failure to note his membership or involvement in a private Islamic school and a local mosque, and his later admission of his affiliations with these organizations, was a false statement submitted with his naturalization application.  Under 18 U.S.C. § 1015(d), an applicant who "knowingly makes any false certificate, acknowledgment or . . . the signature . . . by any person

---

[3] This regulation is established pursuant to the Attorney General's authority to set forth "other reasons" affecting determinations of good moral character.  8 U.S.C. 1101(f); *see also United States v. Jean-Baptiste*, 395 F.3d 1190, 1194 (11th Cir. 2005); *Etape v. Napolitano*, 664 F. Supp. 2d 498, 507 (D. Md. 2009).

with respect to any application . . . relating to immigration, naturalization, [or] citizenship . . ." shall be fined or imprisoned not more than five years.  Defendants assert that, because Plaintiff violated 18 U.S.C. § 1015(d), he committed an unlawful act under 8 C.F.R. § 316.10(b)(3)(iii) that bars him from establishing good moral character.

However, under § 316.10(b)(3)(iii), the Court must find that the unlawful acts "adversely reflect upon the applicant's moral character."  Plaintiff also has an opportunity to prove extenuating circumstances.  Plaintiff explains that he did not believe that his role in the Parent Teacher Association at his children's Muslim elementary school qualified as an "organization" when he initially saw the question on the N-400 form. (Compl. ¶ 21.)  His attorney thus marked "no," because Plaintiff told him he did not recall any association. (Sim Aff., Doc. No. 23-6, ¶ 10.)[4]  Later, Plaintiff told his attorney to include the organization on the Request for Evidence response that was disclosed during Plaintiff's interview. (Compl. ¶ 21; Doc. No. 23-2, item 6.)  He noted that he had only two to three meetings with this group, who tried to raise money for the school. (Doc. No. 23-2, item 6.)  The Court finds that Plaintiff has provided sufficient facts that, if true, show that the initial failure to disclose this association did not "adversely reflect upon the applicant's moral character."  8 C.F.R. § 316.10(b)(3)(iii).  Any issues of credibility that Defendants raised are not appropriate for a Motion to Dismiss, but may be explored during the de novo review.

---

[4] The Court sees no inconsistency between these two statements, despite Defendants' arguments to the contrary.

## IV. CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss is **DENIED**. According to the Scheduling Order currently in place (Doc. No. 16), the Court will conduct an evidentiary hearing to facilitate its de novo review of Plaintiff's application on February 11, 2013.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 3rd day of October, 2012.

                                            KEITH P. ELLISON
                                            UNITED STATES DISTRICT JUDGE